## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ASSESSMENT TECHNOLOGIES<br>INSTITUTE, L.L.C., | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | CIVIL ACTION |
| v. | ) <br> ) | No. 11-2307-KHV |
| AMERICAN ALLIED HEALTHCARE LLC<br>d/b/a AMERICAN ALLIED HEALTHCARE<br>ASSOCIATION and QUINTIN D. MORGAN, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's Motion For Default Judgment Against
Defendants American Allied Healthcare LLC And Quintin D. Morgan And Memorandum In
Support (Doc. #25) filed November 28, 2011 and Quintin D. Morgan's Motion To Set Aside Default
Judgment (Doc. #26) filed December 7, 2011, which the Court construes as a motion to set aside
entry of default. For reasons stated below, the Court overrules defendant's motion to set aside the
entry of default and sustains in part plaintiff's motion for default judgment.

### Procedural Background

On June 3, 2011, plaintiff filed its complaint in this case. On June 15, 2011, plaintiff filed
a return of service as to Quintin D. Morgan. On June 28, 2011, plaintiff filed a return of service as
to American Allied Healthcare LLC d/b/a American Allied Healthcare Association ("AAHA").
Neither defendant filed an answer or otherwise responded to the complaint.

On August 5, 2011, Magistrate Judge James P. O'Hara entered an order to show cause why
the Court should not dismiss the case for lack of prosecution. See Doc. #6. On August 9, 2011,
plaintiff filed an application for clerk's entry of default under Rule 55(a), Fed. R. Civ. P. See Doc.

#7.  On August 10, 2011, pursuant to Rule 55(a), the Clerk entered default against both defendants.

See Doc. #8.  On August 12, 2011, Morgan purported to file a pro se Motion To File Answer To

Summons Out Of Time Allotted With Court (Doc. #9) on behalf of himself and AAHA.

On September 30, 2011, Magistrate Judge O'Hara held that as a business organization,

AAHA could not be represented by Morgan "pro se."  See Doc. #13 at 2.  Judge O'Hara struck that

portion of the motion to file an answer out of time which purported to represent AAHA.  See id.

Judge O'Hara granted AAHA leave to have a properly admitted attorney file a motion to set aside

the entry of default by October 14, 2011.  See id. at 2-3.  As to Morgan, Judge O'Hara stated as

follows:

> Finding the factors weigh in Morgan's favor and "based on the guiding principle that
> the Court should resolve any doubt in favor of setting aside the entry of default,"
> Morgan's motion in this regard is granted and therefore the clerk is directed to set
> aside the entry of default as to Morgan.
>
> The final question is whether Morgan should be permitted to file his answer to the
> complaint out of time.  Under Fed. R. Civ. P. 6(b)(1), the court may extend the time
> for the filing of Morgan's responsive pleading if he shows "excusable neglect" for
> his failure to file before the deadline.  As discussed above, Morgan has presented an
> adequate reason for his delay in filing his answer, plaintiff will suffer no prejudice
> if the court permits the late filing, and this case is in its preliminary stages and will
> not be significantly impacted by the delay.  The court therefore exercises its
> discretion to grant Morgan leave to file his answer out of time.  Morgan shall file his
> answer by **October 14, 2011**.

Id. at 6 (footnotes and citations omitted, bold in original).

On October 14, 2011, Morgan filed motions for appointment of counsel for himself and

AAHA.  See Docs. #14 and 16.  On October 19, 2011, in a sealed order, Judge O'Hara overruled

both motions for appointment of counsel.  See Order (Doc. #17).  In that order, Judge O'Hara noted

as follows:

> The court ordered Morgan to file his answer by October 14, 2011, but he has failed

to do so.  If Morgan does not file his answer by **October 25, 2011**, the undersigned recommends that default be re-entered against him.

Id. at 3 n.7 (bold in original); see also id. at 5 ("If Morgan does not file his answer by **October 25, 2011**, the undersigned recommends that default be re-entered against him.") (bold in original).

Morgan did not file an answer or otherwise respond to the complaint by October 25, 2011. On November 4, 2011, plaintiff filed an application for entry of default against Morgan.  See Doc. #19.  On November 21, 2011, the Court sustained plaintiff's application and directed the Clerk to enter default against Morgan.  See Doc. #21.

On November 28, 2011, plaintiff filed a motion for default judgment against both defendants. Doc. #25.  On December 7, 2011, Morgan filed a motion to set aside the entry of default.  Doc. #26.

## Analysis

### I.    Defendant's Motion To Set Aside Entry Of Default (Doc. #26)

Morgan asks the Court to set aside the entry of default judgment because he attached his proposed answer to his original motion to set aside entry of default (Doc. #9) filed August 12, 2011. See Doc. #26 at 2.  Under Rule 55(c), the Court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c).  The Court applies the same considerations when deciding whether to set aside an entry of default or a default judgment, but it applies them more liberally when reviewing an entry of default.  See Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990).  The good cause required by Rule 55(c) poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Rule 60(b).  See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997).  In determining whether defendant has shown good cause, the Court considers the following factors: (1) whether the default resulted from culpable conduct by defendant; (2) whether plaintiff would be prejudiced if the Court sets aside

the default; and (3) whether defendant has presented a meritorious defense.  <u>See</u> <u>Hunt v. Ford Motor</u> <u>Co.</u>, 65 F.3d 178 (Table), 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995); <u>In re Dierschke</u>, 975 F.2d 181, 183 (5th Cir. 1992).  These factors are not "talismanic" and the court may consider other factors.  <u>Hunt</u>, 1995 WL 523646, at *3.  The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because the preferred disposition of any case is upon its merits and not by default judgment.  <u>Gomes v. Williams</u>, 420 F.2d 1364, 1366 (10th Cir. 1970).

The first factor, <u>i.e.</u> whether the default resulted from culpable conduct by defendant, weighs against setting aside the default.  Under the first factor, defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default.  <u>United States v. Timbers Preserve,</u> <u>Routt Cnty., Colo.</u>, 999 F.2d 452, 454 (10th Cir. 1993).  If defendant's actions were culpable, the Court may refuse to set aside the default on that basis alone.  <u>Hunt</u>, 1995 WL 523646, at *3.  Morgan claims that he "asked and expected the court to file the answer submitted with the motion [to set aside entry of default] if granted."  Doc. #26 at 2.  D. Kan. Rule 15.1(b) provides that if the court grants a motion for leave to file a pleading or other document that may not be filed as a matter of right, the moving party must file and serve the pleading within 14 days of the court's order granting the motion, or as the court otherwise directs.  In addition, in an order filed September 30, 2011, Judge O'Hara specifically stated that "Morgan shall file his answer by **October 14, 2011.**"  <u>Order</u> (Doc. #13) at 6 (bold in original); <u>see also</u> <u>id.</u> at 7 ("The entry of default against Morgan will be set aside, and Morgan may file his answer by **October 14, 2011**.") (bold in original).  Nothing in Judge O'Hara's order (Doc. #13) indicates that the Clerk would file the attachment to the motion and title it as his answer.  In addition, on October 19, 2011, in ruling on defendants' motions for appointment of counsel, Judge O'Hara noted as follows:

> The court ordered Morgan to file his answer by October 14, 2011, but he has failed
> to do so.  If Morgan does not file his answer by **October 25, 2011**, the undersigned
> recommends that default be re-entered against him.

Doc. #17 at 3 n.7 (bold in original); <u>see also</u> <u>id.</u> at 5 ("If Morgan does not file his answer by

**October 25, 2011**, the undersigned recommends that default be re-entered against him.") (bold in

original).   After receiving Judge O'Hara's orders, Morgan took no steps to file an answer or

otherwise respond to the complaint.  Under these circumstances, the entry of default resulted from

defendant's failure to follow the explicit instructions of the magistrate judge in two separate orders.

This factor weighs heavily against setting aside the entry of default.

The second factor, <u>i.e.</u> whether plaintiff would be prejudiced if the Court sets aside the

default, is neutral or weighs slightly against setting aside the default.  The case is at an early stage

procedurally, but it has been on file since June of 2011.  The Court originally entered default in

August of 2011 and then set aside the default on defendants' motion.  Judge O'Hara set forth a

specific deadline to file an answer, but Morgan chose to ignore that deadline and create a delay of

several months.  Plaintiff would suffer some minimal prejudice if the Court were to set aside the

default and allow the case to proceed on the merits.  Accordingly, this factor is neutral or weighs

slightly against setting aside the default.

The third factor, <u>i.e.</u> whether defendant has presented a meritorious defense, weighs in favor

of setting aside the default.  Judge O'Hara noted that based on the liberal standards for setting aside

an entry of default, Morgan's proposed answer presented a meritorious defense.  <u>See</u> Doc. #13 at

5.  This factor weighs in favor of setting aside the entry of default.

On balance, the above factors weigh against setting aside the default.  As explained above,

defendant's choice to ignore the deadlines set by Judge O'Hara constitutes culpable conduct.  In

these circumstances, the Court finds that factor alone is sufficient to refuse to set aside the default. See Hunt, 1995 WL 523646, at *3.  Accordingly, the Court will not set aside the entry of default.

As noted above, the preferred disposition of any case is upon its merits and not by default judgment.  Gomes, 420 F.2d at 1366.  This judicial preference, however, is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial court's discretion.  A workable system of justice requires that defendants not be free to appear at their pleasure.  Jennings v. Rivers, 394 F.3d 850, 853 (10th Cir. 2005); Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983).  In ruling on Morgan's first motion to set aside the entry of default, Judge O'Hara found that Morgan's confusion about whether his answer should be filed with the court was understandable.  See Doc. #13 at 4.  In contrast, after Morgan received two orders which specifically instructed him to file an answer by a certain deadline, any confusion about his obligation to do so is no longer understandable and certainly not good cause.  To vacate the second entry of default and force plaintiff into belated litigation with Morgan would be unjust in these circumstances.  The Court therefore overrules Morgan's motion to set aside the entry of default.

**II.     Plaintiff's Motion For Default Judgment (Doc. #25)**

After entry of default, the facts alleged in the complaint are deemed admitted.  See United States v. Craighead, 176 Fed. Appx. 922, 924 (10th Cir. 2006); Olcott v. Del. Flood Co., 327 F.3d 1115, 1125 (10th Cir. 2003); Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002).  Once default is entered, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  Bixler v. Foster,

596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)); see also Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206-08 (5th Cir. 1975) (vacating entry of default judgment because pleadings did not support judgment).

As noted above, both defendants are in default.  In addition, defendants have not filed any objection to the specific relief which plaintiff requests in its motion for default judgment.  The Court, however, does not automatically issue an injunction after it has determined that a copyright has been infringed.  See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 392-93 (2006); see also Westinghouse Elec. Corp. v. Gen'l Circuit Breaker & Elec. Supply Inc., 106 F.3d 894, 903 (9th Cir. 1997) (same under Lanham Act).  Instead, a plaintiff in a copyright action must satisfy the traditional factors for injunctive relief: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.  eBay, 547 U.S. at 391.  The decision whether to grant the injunction still remains in the Court's equitable discretion.  Id.; 17 U.S.C. § 502(a) (Copyright Act provides that courts "may" grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright").  The allegations of the complaint, even though deemed admitted by defendants, do not conclusively establish that injunctive relief is appropriate.  In addition, plaintiff's motion for default judgment does not address the traditional factors for injunctive relief.  The Court therefore overrules this portion of plaintiff's motion.

As with injunctive relief, an accounting of profits is not automatically granted upon a

showing of infringement.  Bishop v. Equinox Int'l Corp., 154 F.3d 1220, 1222 (10th Cir. 1998).

Even so, under both the Copyright and Lanham Acts, the Court has wide discretion in fashioning

an appropriate remedy.  Id. at 1224 (citing Lanham Act, 15 U.S.C. § 1117); see Harper & Row

Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 567-68 (1985) (after petitioners established

prima facie case of actual damage that respondents failed to rebut, trial court properly awarded

actual damages and accounting of profits under Copyright Act); 15 U.S.C. § 503(b) (as part of final

judgment or decree in copyright action, court may order destruction or other reasonable disposition

of all copies found to have been made or used in violation of copyright owner's exclusive rights).

Defendants have not presented any reason why the Court should not require an accounting, return

of the infringing products and disposal of any electronic files that contain plaintiff's copyrighted

works.  Based on the allegations of the complaint, the Court determines that plaintiff is entitled to

(1) an itemized accounting of defendants' sales of infringing products, (2) recovery of defendants'

inventory of infringing products, if any, and an itemized accounting of such inventory and (3) the

disposal of any electronic files in defendants' possession that contain plaintiff's copyrighted works.

     Plaintiff also asks the Court to find that this case is an "exceptional" one so that it may

recover attorney fees under the Lanham Act.  The Court in exceptional cases may award reasonable

attorney fees to the prevailing party.  15 U.S.C. § 1117(a).  The Lanham Act does not define what

is an "exceptional" case, but the Tenth Circuit has determined that it occurs when a trademark

infringement is "malicious, fraudulent, deliberate, or willful."  United Phosphorus, Ltd. v. Midland

Fumigant, Inc., 205 F.3d 1219, 1232 (10th Cir. 2000).  The complaint alleges that defendants

knowingly and willfully marketed and sold products with false designations of origin, Doc. #1 ¶ 28,

and specifically requests attorney fees under 15 U.S.C. § 1117.  An award of attorney fees appears

to be appropriate, but because this case remains open pending an accounting and other relief, the Court declines to consider plaintiff's request for fees at this time.

**IT IS THEREFORE ORDERED** that Quintin D. Morgan's Motion To Set Aside Default Judgment (Doc. #26) filed December 7, 2011, which the Court construes as a motion to set aside entry of default be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion For Default Judgment Against Defendants American Allied Healthcare LLC And Quintin D. Morgan And Memorandum In Support (Doc. #25) filed November 28, 2011 be and hereby is **SUSTAINED in part**.  The Court orders partial relief as set forth below.

**IT IS FURTHER ORDERED that on or before March 9, 2012, defendants shall (1) provide plaintiff an itemized accounting of the study guides sold by defendants which infringe plaintiff's registered copyrights (Registration Nos. TX 7-321-829, TX 7-322-728, TX 7-353-795, TX 7-353-748, TX 7-353-774, TX 7-354-363 and TX 7-353-766) including who purchased the study guides and the amount paid for the study guides, (2) deliver to plaintiff any inventory of infringing study guides presently in defendants' possession or hereafter acquired through customer returns, (3) provide plaintiff an itemized accounting of the inventory of infringing study guides presently in defendants' possession or hereafter acquired through customer returns and (4) destroy any electronic files in defendants' possession that contain plaintiff's copyrighted works.**

Dated this 10th day of February, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge